# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-1565V**

CYNTHIA TRICE,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: July 30, 2026

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Sara DeStefano, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On September 22, 2025, Cynthia Trice filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain Barre Syndrome as a result of an influenza vaccine administered on September 21, 2023. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 4, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On July 28, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $170,000.00 for pain and suffering. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $170,000.00 for pain and suffering, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| CYNTHIA TRICE,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 25-1565V<br>Chief Special Master Corcoran<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**[1]

On September 22, 2025, Cynthia Trice ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered Guillan Barre Syndrome ("GBS"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of an influenza ("flu") vaccination received on September 21, 2023. Petition at 1.

On June 4, 2026, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report concluding that this case is appropriate for compensation under the terms of the Act for a GBS Table injury and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF Nos. 18, 19.

## I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded **$170,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award/Recommended Payment

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following[2]:

A lump sum payment of **$170,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Cynthia Trice.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

/s/ *Sara DeStefano*
SARA DESTEFANO
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

Tel: (202) 307-6545
E-mail: sara.destefano@usdoj.gov

DATED: July 28, 2026

CERTIFICATE OF SERVICE

I certify that today, July 28, 2026, a copy of the foregoing pleading was served by electronic mail to petitioner's counsel of record.

/s/ Sara DeStefano